UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DANIEL JOSEPH LUTHOR,  No. 05-10480

                Debtor(s).
_____/

STACEY WALTENSPIEL,

                Plaintiff(s),

      v.  A.P. No. 05-1067

DANIEL JOSEPH LUTHOR,

                Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

      Plaintiff Daniel Luthor and defendant Stacey Waltenspiel are former husband and wife. Waltenspiel has commenced this adversary proceeding in order to obtain a judgment that Luthor's share of their children's post-dissolution medical and dental expenses are nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code. In their original 1999 dissolution decree, the parties were to share such expenses.

      Luthor has made a motion to dismiss, which the court treats as a motion for summary judgment,

1

based on a state court stipulated modification of the dissolution decree providing that "as of 4/23/02, neither party owes child or spousal support arrears to the other" and "Child support shall be zero effective 4/23/02." Luthor interprets this modification as eliminating all of his obligations, including the sharing of medical and dental costs. Waltenspiel interprets it as applying only to regular support payments but not medical and dental expenses.

The court elects to dismiss this case without prejudice because there are no bankruptcy issues. Medical and dental expenses in the nature of support and are nondischargeable. *Allen v. Allen*, 275 F.3d 1160, 1163 (9th Cir. 2002); *Draper v. Draper*, 790 F.2d 52, 54 (8th Cir. 1986). The real issue here is whether there is still a debt, not whether the debt is nondischargeable. It is for the state court to interpret its own judgments.

For the foregoing reasons, this adversary proceeding will be dismissed, without prejudice to a new adversary proceeding if and when the state court determines that Luthor's obligation to share his children's medical, dental and other expenses continued survived the 2002 modification of the dissolution decree.[1]

Dated: August 8, 2005

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] Such and adversary proceeding would only be justified in the unlikely event that Luthor could produce evidence that the debt was a disguised attempt to divide community property. See, e.g., *In re Kimball*, 253 B.R. 920, 924 (Bkrtcy.D.Idaho 2000). Absent such evidence, if the debt exists it will be nondischargeable.

2